IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| PROMETHEAN INSULATION TECHNOLOGY LLC,<br>Plaintiff, | Lead Case No. 2:13-cv-01113-JRG-RSP |
| v. | Individual Case No. 2:14-cv-0004-JRG-RSP |
| SOPREMA, INC. (CANADA), SOPREMA, INC. (UNITED STATES), and SOPREMA U.S.A., INC.,<br>Defendants. | JURY TRIAL DEMANDED |

**SOPREMA DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES,
AND COUNTERCLAIMS TO PROMETHEAN
INSULATION TECHNOLOGY LLC'S COMPLAINT**

Defendants SOPREMA, Inc. (Canada), SOPREMA, Inc. (United States), and SOPREMA U.S.A., Inc.[1] (collectively "SOPREMA"), by and through its attorneys, respond to Plaintiff Promethean Insulation Technology LLC's Complaint (ECF No. 1) as set forth below.  All allegations in the Complaint are denied unless specifically admitted herein.

**PARTIES**

1.      SOPREMA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint and therefore denies the same.

2.      SOPREMA admits all of the allegations of this paragraph.

3.      SOPREMA admits all of the allegations of this paragraph.

---

[1] SOPREMA U.S.A., Inc. does not make, use, offer to sell, sell, or import any reflective insulation products. SOPREMA U.S.A., Inc. is not a proper party to this lawsuit, and it may seek dismissal on these grounds at a later date.  All allegations as to SOPREMA U.S.A., Inc. are denied except as expressly admitted herein.

4.      SOPREMA admits that SOPREMA U.S.A., Inc. is an Ohio corporation having a principal place of business in Wadsworth, Ohio, but denies the remaining allegations in this paragraph.

## JURISDICTION AND VENUE

5.      SOPREMA admits that this case is alleged and styled as arising under the patent laws of the United States, Title 35 United States Code, §§ 271, 281, 284, and 285, and that this Court would have subject matter jurisdiction over the subject matter of such cases.  SOPREMA denies the remaining allegations of this paragraph.

6.      SOPREMA admits that this Court has personal jurisdiction over SOPREMA, Inc. (Canada) and SOPREMA, Inc. (United States).  SOPREMA denies the remaining allegations of this paragraph and specifically denies that the Court has personal jurisdiction over SOPREMA U.S.A., Inc.

7.      SOPREMA admits that venue is technically proper in this judicial district under 28 U.S.C. § 1391(d) and 1400(b) as to SOPREMA, Inc. (Canada) and SOPREMA, Inc. (United States).  SOPREMA denies the remaining allegations of this paragraph and specifically denies that venue is proper in this judicial district as to SOPREMA U.S.A., Inc.  SOPREMA asserts that a more convenient venue exists and reserves their right to seek a change in venue pursuant to 28 U.S.C. § 1404 for the convenience of parties and witnesses, in the interest of justice.

## THE PATENTS

8.      SOPREMA admits that United States Patent No. 7,935,410 ("the '410 patent") is titled "Metallized Polymeric Film Reflective Insulation Material" and bears an issue date of May 3, 2011.  SOPREMA is currently without knowledge or information sufficient to form a belief as to whether the '410 patent was duly and legally issued and therefore denies it.  SOPREMA

admits that an ex parte Reexamination Certificate accompanies the '410 patent, and that the ex parte Reexamination Certificate purports to confirm the patentability of claims 1-14 of the '410 patent.   SOPREMA denies any implicit allegation that claims 1-14 of the '410 patent are patentable and/or valid.   SOPREMA admits that the '410 patent purports to claim priority to a Canadian Patent Application No. 2,544,098 and purports that Canadian Patent Application No. 2,544,098 was filed April 19, 2006.   SOPREMA admits that an alleged copy of the '410 patent is attached to the Complaint as Exhibit A.   SOPREMA denies the remaining allegations of this paragraph.

9.      SOPREMA admits that United States Patent No. 7,935,411 ("the '411 patent") is titled "Metallized Polymeric Film Reflective Insulation Material" and bears an issue date of May 3, 2011.   SOPREMA is currently without knowledge or information sufficient to form a belief as to whether the '411 patent was duly and legally issued and therefore denies it.   SOPREMA admits that the '411 patent purports to be a continuation-in-part of application number 11/507,658.   SOPREMA admits that the '411 patent purports to claim priority to a Canadian Patent Application No. 2,544,098 and purports that Canadian Patent Application No. 2,544,098 was filed April 19, 2006.   SOPREMA admits that an alleged copy of the '411 patent is attached to the Complaint as Exhibit B.   SOPREMA denies the remaining allegations of this paragraph.

10.     SOPREMA admits that United States Patent No. 8,221,871 ("the '871 patent") is titled "Metallized Polymeric Film Reflective Insulation Material" and bears an issue date of July 17, 2012.   SOPREMA is currently without knowledge or information sufficient to form a belief as to whether the '871 patent was duly and legally issued and therefore denies it.   SOPREMA admits that the '871 patent purports to be a division of application number 11/507,658.   SOPREMA admits that the '871 patent purports to claim priority to a Canadian Patent

Application No. 2,544,098 and purports that Canadian Patent Application No. 2,544,098 was filed April 19, 2006.  SOPREMA admits that an alleged copy of the '871 patent is attached to the Complaint as Exhibit C.  SOPREMA denies the remaining allegations of this paragraph.

11.    SOPREMA admits that United States Patent No. 8,327,601 ("the '601 patent") is titled "Metallized Polymeric Film Reflective Insulation Material" and bears an issue date of December 11, 2012.  SOPREMA is currently without knowledge or information sufficient to form a belief as to whether the '601 patent was duly and legally issued and therefore denies it. SOPREMA admits that the '601 patent purports to be a division of application number 11/808,380.  SOPREMA admits that the '601 patent purports to claim priority to a Canadian Patent Application No. 2,544,098 and purports that Canadian Patent Application No. 2,544,098 was filed April 19, 2006.  SOPREMA admits that an alleged copy of the '601 patent is attached to the Complaint as Exhibit D.  SOPREMA denies the remaining allegations of this paragraph.

12.    SOPREMA admits that United States Patent No. 8,343,614 ("the '614 patent") is titled "Metallized Polymeric Film Reflective Insulation Material" and bears an issue date of January 1, 2013, not January 11, 2013 as stated in this paragraph of the Complaint.  SOPREMA is currently without knowledge or information sufficient to form a belief as to whether the '614 patent was duly and legally issued and therefore denies it.  SOPREMA admits that the '614 patent purports to be a continuation of application number 13/086,189.  SOPREMA admits that the '614 patent purports to claim priority to a Canadian Patent Application No. 2,544,098 and purports that Canadian Patent Application No. 2,544,098 was filed April 19, 2006.  SOPREMA admits that an alleged copy of the '614 patent is attached to the Complaint as Exhibit E. SOPREMA denies the remaining allegations of this paragraph.

13.      SOPREMA admits that 35 U.S.C. § 282 relates generally to presumptions of validity of patents.   SOPREMA denies the remaining allegations of this paragraph, and specifically denies that the patens-in-suit are valid and enforceable.

14.      SOPREMA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint and therefore denies the same.

## THE ALLEGED PATENTED INVENTION

15.      SOPREMA denies all allegations relating to what the patents-in-suit are "directed to." The particulars of the patents-in-suit are recited within the documents themselves.

16.      SOPREMA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint and therefore denies the same.

17.      SOPREMA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint and therefore denies the same.

18.      SOPREMA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint and therefore denies the same.

19.      SOPREMA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint and therefore denies the same.

20.     SOPREMA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint and therefore denies the same.

21.     SOPREMA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint and therefore denies the same.

22.     SOPREMA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint and therefore denies the same.

23.     SOPREMA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint and therefore denies the same.

24.     SOPREMA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint and therefore denies the same.

25.     SOPREMA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint and therefore denies the same.

26.     SOPREMA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint and therefore denies the same.

27.     SOPREMA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint and therefore denies the same.

28.     SOPREMA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint and therefore denies the same.

29.     SOPREMA denies all of the allegations in this paragraph.

## COUNT I
## ALLEGED INFRINGEMENT OF THE '410 PATENT

30.     SOPREMA admits that SOPREMA, Inc. (United States) sells reflective insulation products in the United States, but not including bubble reflective insulation A2A.  SOPREMA admits that SOPREMA, Inc. (Canada) makes reflective insulation products, including bubble reflective insulation A2A.  SOPREMA denies the remaining allegations of this paragraph.

### Alleged Inducement of Infringement by SOPREMA

31.     SOPREMA incorporates its responses to each and every allegation contained above as if fully set forth herein.

32.     SOPREMA admits that Resisto is a division of SOPREMA, Inc. (Canada), but denies the remaining allegations in this paragraph.

33.     SOPREMA admits that Resisto is a member of RIMA.  SOPREMA is currently without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and therefore denies the same.

34.     SOPREMA admits that it was aware of attempts in the industry to optimize reflective insulation material.  SOPREMA is currently without knowledge or information sufficient to form

a belief as to the truth of the remaining allegations contained in this paragraph, and therefore denies the same.

35.     SOPREMA admits that Canadian Patent Application No. 2,544,098 bears a filing date of April 19, 2006 and names Furio Orologio as an inventor. SOPREMA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph, and therefore denies the same.

36.     SOPREMA admits that Canadian Patent Application No. 2,554,754 bears a filing date of August 23, 2006, bears an issue date of December 4, 2007, names Furio Orologio as an inventor, and claims priority to Canadian Patent Application No. 2,544,098. SOPREMA is currently without knowledge or information sufficient to form a belief as to the truth of any remaining allegations contained in this paragraph, and therefore denies the same.

37.     SOPREMA denies all allegations relating to what Canadian Patent Application No. 2,554,098, Canadian Patent No. 2,554,754, and the patents-in-suit are "directed to." The particulars of Canadian Patent Application No. 2,554,098, Canadian Patent No. 2,554,754, and the patents-in-suit are recited within the documents themselves.

38.     SOPREMA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore denies the same.

39.     SOPREMA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore denies the same.

40.     SOPREMA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore denies them.

41.     SOPREMA admits that the Resisto division of SOPREMA, Inc. (Canada) received a letter from counsel for Covertech and Mr. Orologio dated August 1, 2012 regarding the '410

patent, the '411 patent, and the '871 patent, and that the letter stated that the '410 patent, the '411 patent, and the '871 patent are "related to metallized polymeric reflective insulation material." SOPREMA denies all remaining allegations in this paragraph.

42.     SOPREMA admits that counsel for the Resisto division of SOPREMA, Inc. (Canada), Arnaud Rainfray, sent a letter dated August 14, 2012 to Mark Sullivan referencing the '410 patent, the '411 patent, and the '871 patent.  SOPREMA denies the remaining allegations in this paragraph.

43.     SOPREMA admits that the August 14, 2012 letter from counsel for the Resisto division of SOPREMA, Inc. (Canada), Arnaud Rainfray, referenced "ongoing patent litigation in Canada of Canadian patents."   SOPREMA is currently without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph, and therefore denies the same.

44.     SOPREMA admits that Mark Sullivan sent a letter dated August 28, 2012 to Arnaud Rainfray, and that a proposed license agreement between Covertech and the Resisto division of SOPREMA, Inc. (Canada) was enclosed with the letter.  SOPREMA admits that Attachment A to the proposed license agreement listed the '410 patent, the '411 patent, the '871 patent, U.S. patent application no. 13/086,193, and any further divisionals, continuations, continuations-in-part or reissues filed in the U.S. based on the foregoing U.S. patents and applications. SOPREMA denies the remaining allegations in this paragraph.

45.     SOPREMA admits that it had knowledge of the '410 patent as of the date on which it received the letter dated August 1, 2012.  SOPREMA denies the remaining allegations of this paragraph.

46.     SOPREMA denies all of the allegations of this paragraph.

47.     SOPREMA denies all of the allegations of this paragraph.

48.     SOPREMA admits that SOPREMA, Inc. (United States) sells reflective insulation products in the United States, but not including bubble reflective insulation A2A. SOPREMA denies the remaining allegations of this paragraph.

49.     SOPREMA denies all of the allegations of this paragraph.

50.     SOPREMA denies all of the allegations of this paragraph.

51.     SOPREMA admits that the Resisto website cited in footnote 2 provides information to customers. SOPREMA denies the remaining allegations in this paragraph.

52.     SOPREMA denies all of the allegations of this paragraph.

53.     SOPREMA denies all of the allegations of this paragraph.

54.     SOPREMA denies all of the allegations of this paragraph.

**COUNT II**
**ALLEGED INFRINGEMENT OF THE '411 PATENT**

55.     SOPREMA denies all of the allegations of this paragraph.

**Alleged Inducement of Infringement by SOPREMA**

56.     SOPREMA incorporates its responses to each and every allegation contained above as if fully set forth herein.

57.     SOPREMA admits that it had knowledge of the '411 patent as of the date on which it received the letter dated August 1, 2012.  SOPREMA denies the remaining allegations of this paragraph.

58.     SOPREMA denies all of the allegations of this paragraph.

59.     SOPREMA denies all of the allegations of this paragraph.

60.     SOPREMA admits that SOPREMA, Inc. (United States) sells reflective insulation products in the United States, but not including bubble reflective insulation A2A.  SOPREMA denies the remaining allegations of this paragraph.

61.     SOPREMA denies all of the allegations of this paragraph.

62.     SOPREMA denies all of the allegations of this paragraph.

63.     SOPREMA admits that the Resisto website cited in footnote 3 provides information to customers.  SOPREMA denies all of the remaining allegations in this paragraph.

64.     SOPREMA denies all of the allegations of this paragraph.

65.     SOPREMA denies all of the allegations of this paragraph.

66.     SOPREMA denies all of the allegations of this paragraph.

**COUNT III**
**ALLEGED INFRINGEMENT OF THE '871 PATENT**

67.     SOPREMA denies all of the allegations of this paragraph.

**<u>Alleged Inducement of Infringement by SOPREMA</u>**

68.     SOPREMA incorporates its responses to each and every allegation contained above as if fully set forth herein.

69.     SOPREMA admits that it had knowledge of the '871 patent as of the date on which it received the letter dated August 1, 2012.  SOPREMA denies the remaining allegations of this paragraph.

70.     SOPREMA denies all of the allegations of this paragraph.

71.     SOPREMA denies all of the allegations of this paragraph.

72.     SOPREMA admits that SOPREMA, Inc. (United States) sells reflective insulation products in the United States, but not including bubble reflective insulation A2A.  SOPREMA denies the remaining allegations of this paragraph.

73.     SOPREMA denies all of the allegations of this paragraph.

74.     SOPREMA denies all of the allegations of this paragraph.

75.     SOPREMA admits that the Resisto website cited in footnote 4 provides information to customers.  SOPREMA denies the remaining allegations in this paragraph.

76.     SOPREMA denies all of the allegations of this paragraph.

77.     SOPREMA denies all of the allegations of this paragraph.

78.     SOPREMA denies all of the allegations of this paragraph.

**Alleged Contributory Infringement by SOPREMA**

79.     SOPREMA incorporates its responses to each and every allegation contained above as if fully set forth herein.

80.     SOPREMA admits that it had knowledge of the '871 patent as of the date on which it received the letter dated August 1, 2012.  SOPREMA denies the remaining allegations of this paragraph.

81.     SOPREMA denies all of the allegations of this paragraph.

82.     SOPREMA denies all of the allegations of this paragraph.

83.     SOPREMA admits that SOPREMA, Inc. (United States) currently sells reflective insulation products in the United States, but not including bubble reflective insulation A2A. SOPREMA denies the remaining allegations of this paragraph.

84.     SOPREMA denies all of the allegations of this paragraph.

85.     SOPREMA denies all of the allegations of this paragraph.

86.     SOPREMA denies all of the allegations of this paragraph.

87.     SOPREMA denies all of the allegations of this paragraph.

88.     SOPREMA admits that SOPREMA, Inc. (United States) currently sells reflective insulation products in the United States, but not including bubble reflective insulation A2A. SOPREMA denies the remaining allegations in this paragraph.

89.     SOPREMA denies all of the allegations of this paragraph.

## COUNT IV
## ALLEGED INFRINGEMENT OF THE '601 PATENT

90.     SOPREMA denies all of the allegations of this paragraph.

### Alleged Inducement of Infringement by SOPREMA

91.     SOPREMA incorporates its responses to each and every allegation contained above as if fully set forth herein.

92.     SOPREMA admits that it had knowledge of the '601 patent after being served with the Complaint in this case.  SOPREMA denies the remaining allegations in this paragraph.

93.     SOPREMA denies all of the allegations of this paragraph.

94.     SOPREMA denies all of the allegations of this paragraph.

95.     SOPREMA admits that SOPREMA, Inc. (United States) currently sells reflective insulation products in the United States, but not including bubble reflective insulation A2A. SOPREMA denies the remaining allegations of this paragraph.

96.     SOPREMA denies all of the allegations of this paragraph.

97.     SOPREMA denies all of the allegations of this paragraph.

98.     SOPREMA admits that the Resisto website cited in footnote 5 provides information to customers. SOPREMA denies the remaining allegations in this paragraph.

99.     SOPREMA denies all of the allegations of this paragraph.

100.    SOPREMA denies all of the allegations of this paragraph.

101.    SOPREMA denies all of the allegations of this paragraph.

## COUNT V
## ALLEGED INFRINGEMENT OF THE '614 PATENT

102.    SOPREMA denies all of the allegations of this paragraph.

### Alleged Inducement of Infringement by SOPREMA

103.    SOPREMA incorporates its responses to each and every allegation contained above as if fully set forth herein.

104.    SOPREMA admits that it had knowledge of the '614 patent after being served with the Complaint in this case.  SOPREMA denies the remaining allegations in this paragraph.

105.    SOPREMA denies all of the allegations of this paragraph.

106.    SOPREMA denies all of the allegations of this paragraph.

107.    SOPREMA admits that SOPREMA, Inc. (United States) sells reflective insulation products in the United States, but not including bubble reflective insulation A2A.  SOPREMA denies the remaining allegations of this paragraph.

108.    SOPREMA denies all of the allegations of this paragraph.

109.    SOPREMA denies all of the allegations of this paragraph.

110.    SOPREMA admits that the Resisto website cited in footnote 6 provides information to customers. SOPREMA denies the remaining allegations in this paragraph.

111.    SOPREMA denies all of the allegations of this paragraph.

112.    SOPREMA denies all of the allegations of this paragraph.

113.    SOPREMA denies all of the allegations of this paragraph.

### Alleged Contributory Infringement by SOPREMA

114.    SOPREMA incorporates its responses to each and every allegation contained above as if fully set forth herein.

115.    SOPREMA admits that it had knowledge of the '614 patent after being served with the Complaint in this case.  SOPREMA denies the remaining allegations in this paragraph.

116.    SOPREMA denies all of the allegations of this paragraph.

117.    SOPREMA denies all of the allegations of this paragraph.

118.    SOPREMA admits that SOPREMA, Inc. (United States) sells reflective insulation products in the United States, but not including bubble reflective insulation A2A.  SOPREMA denies the remaining allegations of this paragraph.

119.    SOPREMA denies all of the allegations of this paragraph.

120.    SOPREMA denies all of the allegations of this paragraph.

121.    SOPREMA denies all of the allegations of this paragraph.

122.    SOPREMA denies all of the allegations of this paragraph.

123.    SOPREMA admits that SOPREMA, Inc. (United States) sells reflective insulation products in the United States, but not including bubble reflective insulation A2A.  SOPREMA denies the remaining allegations in this paragraph.

124.    SOPREMA denies all of the allegations of this paragraph.

**PRAYER FOR RELIEF**

SOPREMA denies that Plaintiff is entitled to any relief sought in Plaintiff's Prayer for Relief.

**DEMAND FOR JURY TRIAL**

SOPREMA acknowledges Plaintiff's demand for a jury trial on all issues so triable.

**AFFIRMATIVE DEFENSES**

<u>First Defense</u>

The Court lacks personal jurisdiction over SOPREMA U.S.A., Inc.

<u>Second Defense</u>

As to SOPREMA U.S.A., Inc. venue in this judicial district is improper.

<u>Third Defense</u>

Venue of this action is inconvenient in this judicial district.

<u>Fourth Defense</u>

SOPREMA has not infringed, and is not infringing, directly or indirectly, any valid claim of the patents-in-suit.

<u>Fifth Defense</u>

Each claim of the patents-in-suit is invalid for failing to comply with one or more provisions of Title 35 of the United States Code, including without limitation, 35 U.S.C. §§ 102, 103, 112 and/or 116.

<u>Sixth Defense</u>

Plaintiff's claims are barred on grounds of waiver, laches and/or estoppel.

<u>Seventh Defense</u>

Plaintiff's claims are barred on grounds of unclean hands.

<u>Eighth Defense</u>

Plaintiff's claims are barred by reason of estoppel arising from and/or in view of remarks, representations, concessions, amendments, and/or admissions made during prosecution of the applications that matured into the patents-in-suit.

Ninth Defense

Plaintiff's claims are barred by its failure to mitigate the damages it allegedly has suffered.

Tenth Defense

Plaintiff is barred under 35 U.S.C. § 286 from recovering damages for acts occurring more than six years before the date the Complaint was filed.

Eleventh Defense

Plaintiff's request for relief is barred or otherwise limited by restriction on double recovery.

Twelfth Defense

On information and belief, Plaintiff failed to properly mark its patented articles as required by 35 U.S.C. § 287.

Thirteenth Defense

Plaintiff is barred by 35 U.S.C. § 288 from recovering costs associated with this action.

Fourteenth Defense

Plaintiff is not entitled to enhance damages.

Fifteenth Defense

Plaintiff is not entitled to the recovery of attorney's fees.

Sixteenth Defense

SOPREMA denies that it is liable to Promethean for any reason whatsoever including liability under the Patent Act.

Seventeenth Defense

SOPREMA reserves the right to add defenses discovered during the course of discovery up to and including the time of trial.

## COUNTERCLAIMS

SOPREMA alleges its counterclaims as follows:

1. SOPREMA, Inc. (Canada) is a Canadian corporation having a principal place of business in Drummondville, Quebec.

2. SOPREMA, Inc. (United States) is an Ohio corporation having a principal place of business in Wadsworth, Ohio.

3. SOPREMA U.S.A., Inc. is an Ohio corporation having a principal place of business in Wadsworth, Ohio.

4. Upon information and belief, and as alleged in the Complaint, Promethean is a Texas limited liability company having a principal place of business in Plano, Texas.

5. These counterclaims arise under the patent laws of the United States, 35 U.S.C. § 101 *et seq.* and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 2201, 2202, 1331, and 1338.

6. Promethean is subject to personal jurisdiction in this Court and has previously appeared before this Court by filing its Complaint in this action.

7. To the extent that this action remains in this District, venue is proper at least because Promethean consented to this venue by filing its Complaint here, in response to which these counterclaims are asserted. Venue is proper also under 28 U.S.C. §§ 1391 and 1400.

8. By virtue of the Complaint, an actual and justiciable controversy exists between SOPREMA and Promethean concerning the non-infringement and invalidity of United States

Patent No. 7,935,410 ("the '410 patent), United States Patent No. 7,935,411 ("the '411 patent), United States Patent No. 8,221,871 ("the '871 patent"), United States Patent No. 8,327,601 ("the '601 patent"), and United States Patent No. 8,343,614 ("the '614 patent") (the '410 patent, '411 patent, '871 patent, '601 patent, and '614 patent collectively "patents-in-suit"). A judicial declaration is necessary and appropriate to resolve these controversies.

## FIRST COUNTERCLAIM

## DECLARATORY JUDGMENT OF NON-INFRINGEMENT

9.      SOPREMA repeats, and re-alleges, and incorporates by reference each and every allegation set forth in Paragraphs 1-8 of this Counterclaim as if fully set forth herein.

10.     This is an action for declaratory judgment of non-infringement of any valid claim of the patents-in-suit.

11.     Promethean alleges that SOPREMA infringes each of the patents-in-suit in the state of Texas and in this judicial district.

12.     SOPREMA has not infringed, and is not infringing, either directly or indirectly, any valid claim of the patents-in-suit.

13.     There is an actual controversy within the meaning of 28 U.S.C. §§ 2201 and 2202 between Promethean and SOPREMA as to whether SOPREMA infringes any valid claim of the patents-in-suit.

14.     SOPREMA desires and requests the judicial determination and declaration of the respective rights and duties of the parties in regard to the disputes recited in Paragraphs 9-13 of this Counterclaim.  Such a determination and declaration are necessary and appropriate at this time so the parties can ascertain their respective rights and duties regarding the non-infringement of the patents-in-suit.

## SECOND COUNTERCLAIM

## DECLARATORY JUDGMENT OF INVALIDITY

15.     SOPREMA repeats, re-alleges, and incorporates by reference each and every allegation set forth in Paragraphs 1-14 of this Counterclaim as if fully set forth herein.

16.     This is an action for declaratory judgment of invalidity of the patents-in-suit.

17.     The patents-in-suit, and each and every claim thereof, are invalid for failure to comply with one or more requirements of Title 35 of the United States Code, including but not limited to, 35 U.S.C. §§ 102, 103, 112, and/or 116.

18.     There is an actual controversy within the meaning of 28 U.S.C. §§ 2201 and 2202 between Promethean and SOPREMA as to whether there exists any valid claim of the patents-in-suit.

19.     SOPREMA desires and requests the judicial determination and declaration of their respective rights and duties of the parties in regard to the disputes recited in Paragraphs 15-18 of this Counterclaim.  Such a determination and declaration are necessary and appropriate at this time so the parties may ascertain their respective rights and duties regarding the invalidity of the patents-in-suit.

## JURY DEMAND

SOPREMA requests a jury trial for all triable issues pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

WHEREFORE, SOPREMA prays for the following relief:

1.     Judgment dismissing Promethean's Complaint with prejudice;

2.     Judgment in favor of SOPREMA sustaining its defenses;

3.      Judgment declaring that SOPREMA has not and does not infringe, either directly or indirectly, any valid claim of the patents-in-suit;

4.      Judgment declaring that the patents-in-suit, and each and every claim thereof, are invalid;

5.      Judgment deeming this to be an "exceptional" case within the meaning of 35 U.S.C. § 285 entitling SOPREMA to an award of their attorneys' fees, expenses and costs incurred in this action;

6.      Judgment awarding SOPREMA's costs associated with this action; and

7.      Granting such other and further relief at law and equity, and on SOPREMA's behalf, as this Court deems just and proper.


                                        Respectfully submitted,

                                        */s/  Jeffrey J. Phillips*
                                        Jeffrey J. Phillips,
                                        State Bar No. 24037279
                                        1001 Fannin Street, Suite 2450
                                        Houston, Texas  77002
                                        Telephone: 713-437-1800
                                        Facsimile:  713-437-1810
                                        Email:  jphillips@joneswalker.com

OF COUNSEL:
**JONES WALKER LLP**

                                        **ATTORNEYS FOR DEFENDANTS
                                        SOPREMA, INC. SOPREMA, INC.
                                        (UNITED STATES, AND SOPREMA
                                        U.S.A,  INC.**

## CERTIFICATE OF SERVICE

I certify that this document was filed electronically pursuant to Local Rule CV-5(a) on April 7, 2014.  Pursuant to Local Rule CV-5(a)(3)(A), this electronic filing acts to electronically serve all counsel who have consented to electronic service via the Court's CM/ECF system.

/s/  Jeffrey J. Phillips
JEFFREY J. PHILLIPS