IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

PROMETHEAN INSULATION )
TECHNOLOGY LLC, )
)
      Plaintiff, )
  v. )   Case No. 2:13-CV-01113 (JRG-RSP)
)
SEALED AIR CORPORATION, ET AL )
)
      Defendant. )
)

## ANSWER, DEFENSES AND COUNTERCLAIMS

Pregis Corporation, Pregis Innovative Packaging Inc., and Innovative Energy, Inc. (collectively "Defendants"), by their attorneys, for their answer to the Complaint of Plaintiff, Promethean Insulation Technology LLC:

1.      Defendants deny knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 1.

2.      Defendant Pregis Corporation admits that it is a Delaware corporation having a principal place of business in Deerfield, Illinois, and that it may be served through its registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

3.      Defendant Pregis Innovative Packaging Inc. admits that it is a Delaware corporation having a principal place of business in 1650 Lake Cook Road, Deerfield, Illinois, 60015, and that it may be served through its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

4.      Defendant Innovative Energy, Inc. admits that it is an Indiana corporation having a principal place of business in Lowell, Indiana, and that it may be served through its registered agent, Robert Wadsworth, 1213 W. 145th Ave., Crown Point, Indiana 46307.

5.      Defendants admit that this case is alleged and styled under the patent laws of the United States, Title 35 United States Code, §§ 271, 281, 284 and 285 and that this Court has jurisdiction over the subject matter of such cases.

6.      Defendants do not contest specific or general jurisdiction for the purposes of this case only, and except as so admitted deny the allegations of paragraph 6.

7.      Defendants admit that venue is properly laid in this judicial district and, except as so admitted deny the allegations of paragraph 7.   Defendants also assert that a more convenient, relevant, and fair venue exists and reserve their right to seek a change in venue pursuant to 28 U.S.C. § 1404 for the convenience of parties and witnesses, in the interest of justice.

8.      Defendants admit that United States Patent No. 7,935,410 ("the '410 Patent") is titled "Metallized Polymeric Film Reflective Insulation Material" and bears an issue date of May 3, 2011.  Defendants are currently without knowledge or information sufficient to form a belief as to whether the '410 Patent was duly and legally issued and therefore deny this allegation. Defendants admit that an ex parte Reexamination Certificate accompanies the '410 Patent, and refer to the ex parte Reexamination Certificate for the contents thereof.  Defendants deny any implicit allegation that claims 1-14 of the '410 Patent are patentable and/or valid.  Defendants admit that the '410 Patent purports to claim priority to a Canadian Patent Application No. 2,544,098 ("'098 CA application") and purports that the '098 CA application was filed on April 19, 2006.  Defendants admit that an alleged copy of the '410 Patent is attached to the Complaint as Exhibit A.

9.      Defendants admit that United States Patent No. 7,935,411 ("the '411 Patent") is titled "Metallized Polymeric Film Reflective Insulation Material" and bears an issue date of May 3, 2011.  Defendants are currently without knowledge or information sufficient to form a belief as to whether the '411 Patent was duly and legally issued and therefore deny this allegation. Defendants admit that the '411 Patent purports to be a continuation-in-part of application number 11/507,658.  Defendants admit that the '411 Patent purports to claim priority to the '098 CA

2

application and purports that the '098 CA application was filed on April 19, 2006.  Defendants admit that an alleged copy of the '411 Patent is attached to the Complaint as Exhibit B.

10.     Defendants admit that United States Patent No. 8,221,871 ("the '871 Patent") is titled "Metallized Polymeric Film Reflective Insulation Material" and bears an issue date of July 17, 2012.  Defendants are currently without knowledge or information sufficient to form a belief as to whether the '871 Patent was duly and legally issued and therefore deny this allegation.  Defendants admit that the '871 Patent purports to be a division of application number 11/507,658.  Defendants admit that the '871 Patent purports to claim priority to the '098 CA application and purports that the '098 CA application was filed on April 19, 2006.  Defendants admit that an alleged copy of the '871 Patent is attached to the Complaint as Exhibit C.

11.     Defendants admit that United States Patent No. 8,327,601 ("the '601 Patent") is titled "Metallized Polymeric Film Reflective Insulation Material" and bears an issue date of December 11, 2012.  Defendants are currently without knowledge or information sufficient to form a belief as to whether the '601 Patent was duly and legally issued and therefore deny this allegation.  Defendants admit that the '601 Patent purports to be a division of application number 11/808,380.  Defendants admit that the '601 Patent purports to claim priority to the '098 CA application and purports that the '098 CA application was filed on April 19, 2006.  Defendants admit that an alleged copy of the '601 Patent is attached to the Complaint as Exhibit D.

12.     Defendants admit that United States Patent No. 8,343,614 ("the '614 Patent") is titled "Metallized Polymeric Film Reflective Insulation Material" and bears an issue date of January 1, 2013.  Defendants are currently without knowledge or information sufficient to form a belief as to whether the '614 Patent was duly and legally issued and therefore deny this allegation.  Defendants admit that the '614 Patent purports to be a continuation of application number 13/086,189.  Defendants admit that the '614 Patent purports to claim priority to the '098 CA application and purports that the '098 CA application was filed on April 19, 2006.

Defendants admit that an alleged copy of the '614 Patent is attached to the Complaint as Exhibit E.

13.     Defendants admit that 35 U.S.C. § 282 relates generally to presumptions of validity of patents and patent claims, but deny knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 13.

14.     Defendants deny knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 14.

15.     Defendants deny all allegations of paragraph 15 relating to what the patents-in-suit are "directed to."   The particulars of the patents-in-suit are recited within the documents themselves.

16.     Defendants deny knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 16.

17.     Defendants deny knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 17.

18.     Defendants deny knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 18.

19.     Defendants deny knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 19.

20.     Defendants deny knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 20.

21.     Defendants deny knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 21.

22.     Defendants deny knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 22.

23.     Defendants deny knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 23.

24.     Defendants deny knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 24.

25.     Defendants deny knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 25.

26.     Defendants deny knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 26.

27.     Defendants deny knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 27.

28.     Defendants deny knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 28.

29.     Defendants refer to the patents-in-suit for the contents thereof and, except as so admitted deny the allegations of paragraph 29.

## COUNT I

### ALLEGED INFRINGEMENT OF THE '410 PATENT

30.     Defendants deny that they sell a product by the name of Garage Door installation kit, but Defendant Innovative Energy, Inc. admits that it sells Garage Door Insulation Kits. Except as so admitted, Defendants deny the allegations of paragraph 30.

**Alleged Inducement of Infringement by Pregis and Innovative**

31.     In response to paragraph 31, Defendants restate and reallege each of the foregoing paragraphs as if fully set forth herein.

32.     Defendant Innovative Energy, Inc. denies that it is a manufacturer of reflective insulation.  Defendant Innovative Energy, Inc. admits the language identified is from its website.  In all other respects, Paragraph 32 is denied.

33.     Defendant Innovative Energy, Inc. admits that it is a member of RIMA.  Defendants deny knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 33 concerning who or what RIMA "represents" or the extent of any such representation.

34.     Defendants deny the allegations of paragraph 34.   Defendants admit that Defendant Pregis Corporation is a supplier of Defendant Innovative Energy, Inc.

35.     Defendants admit that Robert Wadsworth is President of Innovative Energy, Inc. Defendants are without knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 35.  They are, therefore, denied by operation of the Rules.

36.     Defendants deny knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 36.

37.     Defendants deny knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 37.

38.     Defendants admit that the '754 CA patent bears a filing date of August 23, 2006, an issue date of December 4, 2007 and that Mr. Orologio is listed as the applicant.  Defendants admit that the '754 CA patent purports to claim priority from the '098 CA application.  Except as so admitted Defendants deny the allegations of paragraph 38.

39.     Defendants deny all allegations in paragraph 39 relating to what the patents-in-suit, including the '098 CA application and the '754 CA patent, are "directed to."   The particulars of the patents-in-suit are recited within the documents themselves.

40.     Defendant Innovative Energy, Inc. admits that, on July 17, 2009, Covertech and Mr. Orologio filed an amended statement of claim for patent infringement against Innovative Energy, Inc. in Canadian Federal Court.  Defendants are without knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 40.  They are, therefore, denied by operation of the Rules.

41.     Defendant Innovative Energy, Inc. admits that Gary M. Hartman sent a letter to Covertech dated April 18, 2011.  Defendants refer to the April 18, 2011 letter for the contents thereof, and except as so admitted deny the allegations of paragraph 41.

42.     Defendants admit the allegations of paragraph 42 insofar as the alleged copy of the '410 Patent purports that U.S. Patent Application No. 11/507,658 was issued as the '410 Patent on May 3, 2011, and except as so admitted deny the allegations of paragraph 42.

43.     Defendants admit the allegations of paragraph 43 insofar as the alleged copy of the '411 Patent purports that U.S. Patent Application No. 11/808,380 was issued as the '411 Patent on May 3, 2011, and except as so admitted deny the allegations of paragraph 43.

44.     Defendants deny knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 44.

45.     Defendants admit that an ex parte Reexamination Certificate accompanies the '410 Patent, and refer to the ex parte Reexamination Certificate for the contents thereof, and except as so admitted deny the allegations of paragraph 45.

46.     Defendants admit that the request for reexamination of the '411 Patent was denied and subsequently terminated on March 20, 2012, and except as so admitted deny the allegations of paragraph 46.

47.     Defendant Innovative Energy, Inc. admits that it received a letter from counsel for Covertech and Mr. Orologio dated on or about August 1, 2012, and except as so admitted denies the allegations of paragraph 47.  Defendant denies Plaintiff's characterization of the letter.  The letter speaks for itself.

48.     Defendant Innovative Energy, Inc. admits that counsel for Innovative Energy, Inc., Gary M. Hartman, responded to an approximate August 1, 2012 letter on August 14, 2012, and except as so admitted deny the allegations of paragraph 48.   Defendant denies Plaintiff's characterization of the letter.  The letter speaks for itself.

49.     Defendant Innovative Energy, Inc. admits that it became aware of the contents of an approximate August 1, 2012 letter when it received the letter.   Except as so admitted Defendants deny the allegations of paragraph 49.  Defendant denies Plaintiff's characterization of the letter.  The letter speaks for itself.

50.     Defendant Innovative Energy, Inc. admits that it became aware of the contents of an approximate August 1, 2012 letter when it received the letter.   Except as so admitted Defendants deny the allegations of paragraph 50.  Defendant denies Plaintiff's characterization of the letter.  The letter speaks for itself.

51.     Defendants deny the allegations of paragraph 51.

52.     Defendants deny the allegations of paragraph 52.

53.     Defendants deny the allegations of paragraph 53.

54.     Defendants deny the allegations of paragraph 54.

55.     Defendants deny the allegations of paragraph 55.

56.     Defendants deny the allegations of paragraph 56.

57.     Defendants deny the allegations of paragraph 57.

58.     Defendants deny the allegations of paragraph 58.

## COUNT II

### ALLEGED INFRINGEMENT OF THE '411 PATENT

59.     Defendants deny the allegations of paragraph 59.

### **Alleged Inducement of Infringement by Pregis and Innovative**

60.     In response to paragraph 60, Defendants restate and reallege each of the foregoing paragraphs as if fully set forth herein.

61.     Defendant Innovative Energy, Inc. admits the receipt of an August 1, 2012 letter and refers to the letter for the contents thereof, and except as so admitted Defendants deny the allegations of paragraph 61.

62.     Defendant Innovative Energy, Inc. admits the receipt of an August 1, 2012 letter and refers to the letter for the contents thereof, and except as so admitted Defendants deny the allegations of paragraph 62.

63.     Defendants deny the allegations of paragraph 63.

64.     Defendants deny the allegations of paragraph 64.

65.     Defendants deny the allegations of paragraph 65.

66.     Defendants deny the allegations of paragraph 66.

67.     Defendants deny the allegations of paragraph 67.

68.     Defendants deny the allegations of paragraph 68.

69.     Defendants deny the allegations of paragraph 69.

70.     Defendants deny the allegations of paragraph 70.

## COUNT III

## INFRINGEMENT OF THE '871 PATENT

71.     Defendants deny the allegations of paragraph 71.

### Alleged Inducement of Infringement by Pregis and Innovative

72.     In response to paragraph 72, Defendants restate and reallege each of the foregoing paragraphs as if fully set forth herein.

73.     Defendant Innovative Energy, Inc. admits the receipt of an August 1, 2012 letter and refers to the letter for the contents thereof, and except as so admitted Defendants deny the allegations of paragraph 73.

74.     Defendant Innovative Energy, Inc. admits the receipt of an August 1, 2012 letter and refers to the letter for the contents thereof, and except as so admitted Defendants deny the allegations of paragraph 74.  .

75.     Defendants deny the allegations in paragraph 75.

76.     Defendants deny the allegations of paragraph 76.

77.     Defendants deny the allegations of paragraph 77.

78.     Defendants deny the allegations of paragraph 78.

79.     Defendants deny the allegations of paragraph 79.

80.     Defendants deny the allegations of paragraph 80.

81.     Defendants deny the allegations of paragraph 81.

82.     Defendants deny the allegations of paragraph 82.

### Alleged Contributory Infringement by Pregis and Innovative

83.     In response to paragraph 83, Defendants restate and reallege each of the foregoing paragraphs as if fully set forth herein.

84.     Defendant Innovative Energy, Inc. admits the receipt of an August 1, 2012 letter and refers to the letter for the contents thereof, and except as so admitted Defendants deny the allegations of paragraph 84.

85.     Defendant Innovative Energy, Inc. admits the receipt of an August 1, 2012 letter and refers to the letter for the contents thereof, and except as so admitted Defendants deny the allegations of paragraph 85.

86.     Defendants deny the allegations of paragraph 86.

87.     Defendants deny the allegations of paragraph 87.

88.     Defendants deny the allegations of paragraph 88.

89.     Defendants deny the allegations of paragraph 89.

90.     Defendants deny the allegations of paragraph 90.

91.     Defendants deny the allegations of paragraph 91.

92.     Defendants deny the allegations of paragraph 92.

93.     Defendants deny the allegations of paragraph 93.

## COUNT IV

## INFRINGEMENT OF THE '601 PATENT

94.     Defendants deny the allegations of paragraph 94.

### **Alleged Inducement of Infringement by Pregis and Innovative**

95.     In response to paragraph 95, Defendants restate and reallege each of the foregoing paragraphs as if fully set forth herein.

96.     Defendants admit that they were served with a complaint in this case and refer to the complaint for the contents thereof, and except as so admitted deny the allegations of paragraph 96.

97.     Defendants admit that they were served with a complaint in this case and refer to the complaint for the contents thereof, and except as so admitted deny the allegations of paragraph 97.

98.     Defendants deny the allegations of paragraph 98.

99.     Defendants deny the allegations of paragraph 99.

100.    Defendants deny the allegations of paragraph 100.

101.    Defendants deny the allegations of paragraph 101.

102.   Defendants deny the allegations of paragraph 102.

103.   Defendants deny the allegations of paragraph 103.

104.   Defendants deny the allegations of paragraph 104.

105.   Defendants deny the allegations of paragraph 105.

## COUNT V

## INFRINGEMENT OF THE '614 PATENT

106.   Defendants deny the allegations of paragraph 106.

### Alleged Inducement of Infringement by Pregis and Innovative

107.   In response to paragraph 107, Defendants restate and reallege each of the foregoing paragraphs as if fully set forth herein.

108.   Defendants admit that they were served with a complaint in this case and refer to the complaint for the contents thereof, and except as so admitted deny the allegations of paragraph 108.

109.   Defendants admit that they were served with a complaint in this case and refer to the complaint for the contents thereof, and except as so admitted deny the allegations of paragraph 109.

110.   Defendants deny the allegations of paragraph 110.

111.   Defendants deny the allegations of paragraph 111.

112.   Defendants deny the allegations of paragraph 112.

113.   Defendants deny the allegations of paragraph 113.

114.   Defendants deny the allegations of paragraph 114.

115.   Defendants deny the allegations of paragraph 115.

116.   Defendants deny the allegations of paragraph 116.

117.   Defendants deny the allegations of paragraph 117.

### Alleged Contributory Infringement by Pregis and Innovative

118.   In response to paragraph 118, Defendants restate and reallege each of the foregoing paragraphs as if fully set forth herein.

119.    Defendants admit that they were served with a complaint in this case and refer to the complaint for the contents thereof, and except as so admitted deny the allegations of paragraph 119.

120.    Defendants admit that they were served with a complaint in this case and refer to the complaint for the contents thereof, and except as so admitted deny the allegations of paragraph 120.

121.    Defendants deny the allegations of paragraph 121.

122.    Defendants deny the allegations of paragraph 122.

123.    Defendants deny the allegations of paragraph 123.

124.    Defendants deny the allegations of paragraph 124.

125.    Defendants deny the allegations of paragraph 125.

126.    Defendants deny the allegations of paragraph 126.

127.    Defendants deny the allegations of paragraph 127.

128.    Defendants deny the allegations of paragraph 128.

## AFFIRMATIVE DEFENSES

### *First Defense: Non-Infringement of the '410 Patent*

1.      Defendants are not infringing and have not infringed, either directly or indirectly, any properly-construed, valid claim of the '410 Patent, either literally or under the doctrine of equivalents.

### *Second Defense: Non-Infringement of the '411 Patent*

2.      Defendants are not infringing and have not infringed, either directly or indirectly, any properly-construed, valid claim of the '411 Patent, either literally or under the doctrine of equivalents.

### *Third Defense: Non-Infringement of the '871 Patent.*

3.      Defendants are not infringing and have not infringed, either directly or indirectly, any properly-construed, valid claim of the '871 Patent, either literally or under the doctrine of equivalents.

### *Fourth Defense: Non-Infringement of the '601 Patent*

4.      Defendants are not infringing and have not infringed, either directly or indirectly, any properly-construed, valid claim of the '601 Patent, either literally or under the doctrine of equivalents.

### *Fifth Defense: Non-Infringement of the '614 Patent*

5.      Defendants are not infringing and have not infringed, either directly or indirectly, any properly-construed, valid claim of the '614 Patent, either literally or under the doctrine of equivalents.

### *Sixth Defense: Invalidity of the '410 Patent*

6.      The '410 Patent is unenforceable and/or is invalid for failing to comply with one or more provisions of Title 35 of the United States Code, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112.

*Seventh Defense: Invalidity of the '411 Patent*

7.     The '411 Patent is unenforceable and/or is invalid for failing to comply with one or more provisions of Title 35 of the United States Code, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112.

*Eighth Defense: Invalidity of the '871 Patent*

8.     The '871 Patent is unenforceable and/or is invalid for failing to comply with one or more provisions of Title 35 of the United States Code, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112.

*Ninth Defense: Invalidity of the '601 Patent*

9.     The '601 Patent is unenforceable and/or is invalid for failing to comply with one or more provisions of Title 35 of the United States Code, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112.

*Tenth Defense: Invalidity of the '614 Patent*

10.     The '614 Patent is unenforceable and/or is invalid for failing to comply with one or more provisions of Title 35 of the United States Code, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112.

*Eleventh Defense: Limitation on Damages*

11.     To the extent that Plaintiff, Plaintiff's predecessors in interest, and/or one or more of Plaintiff's licensees have failed to properly mark or otherwise give proper notice for the '410 Patent, the '411 Patent, the '871 Patent, the '601 Patent, and/or the '614 Patent as required by 35 U.S.C. § 287, Defendants are not liable to Plaintiff for any alleged infringement occurring before Defendants received actual notice of alleged infringement.

*Twelfth Defense: No Injunctive Relief*

12.     Plaintiff is not entitled to any injunctive relief relating to the '410 Patent, the '411 Patent, the '871 Patent, the '601 Patent, or the '614 Patent because any injury to Plaintiff is not immediate or irreparable, and Plaintiff has an adequate remedy at law.

*Thirteenth Defense: No Double Recovery*

13.     Plaintiff's request for relief is barred or otherwise limited by restrictions on double recovery.

*Fourteenth Defense: Prosecution History Estoppel*

14.     Plaintiff's enforcement of the '410 Patent, the '411 Patent, the '871 Patent, the '601 Patent, and/or the '614 Patent is barred, in whole or in part, by the doctrine of prosecution history estoppel.

*Reservation of Rights*

15.     Defendants reserve the right to add any additional defenses that discovery may reveal.

## COUNTERCLAIMS

Pregis Corporation, Pregis Innovative Packaging Inc., and Innovative Energy, Inc. (collectively, "Counterclaim Plaintiffs") allege as follows for its counterclaims against Counter-Defendant Promethean Insulation Technology LLC ("Promethean"):

*Parties*

1.     Pregis Corporation is a Delaware corporation having a place of business in Deerfield, Illinois.

2.     Pregis Innovative Packaging Inc. is a Delaware corporation having a place of business in Deerfield, Illinois.

3.     Innovative Energy, Inc. is an Indiana corporation having a place of business in Lowell, Indiana.

4.     Upon information and belief, Promethean is a Texas limited liability company having a principal place of business in Plano, Texas.

*Jurisdiction*

5.     These counterclaims arise under the patent laws of the United States, 35 U.S.C. § 101 *et seq*. and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.  Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 2201, 2202, 1331, and 1338.

6.   By virtue of the Complaint, an actual and justiciable controversy exists between Counterclaim Plaintiffs and Promethean concerning the non-infringement and invalidity of United States Patent No. 7,935,410 ("the '410 Patent"), United States Patent No. 7,935,411 ("the '411 Patent"), United States Patent No. 8,221,871 ("the '871 Patent"), United States Patent No. 8,327,601 ("the '601 Patent"), and United States Patent No. 8,343,614 ("the '614 Patent").  A judicial declaration is necessary and appropriate to resolve these controversies.

*First Cause of Action: Non-Infringement of the '410 Patent*

7.   Each of the preceding paragraphs 1-6 are incorporated herein as if set forth in full.

8.   Counterclaim Plaintiffs are not infringing and have not infringed, either directly or indirectly, any properly-construed, valid claim of the '410 Patent, either literally or under the doctrine of equivalents.

*Second Cause of Action: Non-Infringement of the '411 Patent*

9.   Each of the preceding paragraphs 1-8 are incorporated herein as if set forth in full.

10.   Counterclaim Plaintiffs are not infringing and have not infringed, either directly or indirectly, any properly-construed, valid claim of the '411 Patent, either literally or under the doctrine of equivalents.

*Third Cause of Action: Non-Infringement of the '871 Patent*

11.   Each of the preceding paragraphs 1-10 are incorporated herein as if set forth in full.

12.   Counterclaim Plaintiffs are not infringing and have not infringed, either directly or indirectly, any properly-construed, valid claim of the '871 Patent, either literally or under the doctrine of equivalents.

*Fourth Cause of Action: Non-Infringement of the '601 Patent*

13.   Each of the preceding paragraphs 1-12 are incorporated herein as if set forth in full.

14.     Counterclaim Plaintiffs are not infringing and have not infringed, either directly or indirectly, any properly-construed, valid claim of the '601 Patent, either literally or under the doctrine of equivalents.

*Fifth Cause of Action: Non-Infringement of the '614 Patent*

15.     Each of the preceding paragraphs 1-14 are incorporated herein as if set forth in full.

16.     Counterclaim Plaintiffs are not infringing and have not infringed, either directly or indirectly, any properly-construed, valid claim of the '614 Patent, either literally or under the doctrine of equivalents.

*Sixth Cause of Action: Invalidity of the '410 Patent*

17.     Each of the preceding paragraphs 1-16 are incorporated herein as if set forth in full.

18.     The '410 Patent is unenforceable and/or is invalid for failing to comply with one or more provisions of Title 35 of the United States Code, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112.

*Seventh Cause of Action: Invalidity of the '411 Patent*

19.     Each of the preceding paragraphs 1-18 are incorporated herein as if set forth in full.

20.     The '411 Patent is unenforceable and/or is invalid for failing to comply with one or more provisions of Title 35 of the United States Code, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112.

*Eighth Cause of Action: Invalidity of the '871 Patent*

21.     Each of the preceding paragraphs 1-20 are incorporated herein as if set forth in full.

22.     The '871 Patent is unenforceable and/or is invalid for failing to comply with one or more provisions of Title 35 of the United States Code, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112.

*Ninth Cause of Action: Invalidity of the '601 Patent*

23.     Each of the preceding paragraphs 1-22 are incorporated herein as if set forth in full.

24.     The '601 Patent is unenforceable and/or is invalid for failing to comply with one or more provisions of Title 35 of the United States Code, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112.

*Tenth Cause of Action: Invalidity of the '614 Patent*

25.     Each of the preceding paragraphs 1-24 are incorporated herein as if set forth in full.

26.     The '614 Patent is unenforceable and/or is invalid for failing to comply with one or more provisions of Title 35 of the United States Code, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112.

*Reservation of Rights*

27.     Counterclaim Plaintiffs reserve the right to add any additional counterclaims that discovery may reveal.

*Jury Demand*

Counterclaim Plaintiffs request a jury trial for all triable issues.

**PRAYER FOR RELIEF**

WHEREFORE, Counterclaim Plaintiffs pray that the Court:

(a)     declare, adjudge, and decree that all claims of the '410 Patent, the '411 Patent, the '871 Patent, the '601 Patent, and the '614 Patent are invalid and/or unenforceable;

(b)     declare, adjudge, and decree that Counterclaim Plaintiffs have not infringed any valid, properly-construed claim, either directly, indirectly, literally, or by the doctrine of equivalents, of the '410 Patent, the '411 Patent, the '871 Patent, the '601 Patent, and '614 Patent;

(c)     issue an order dismissing Promethean's complaint with prejudice and enter a judgment in favor of defendants and Counterclaim Plaintiffs;

(d)	enjoin Promethean, and any other party claiming rights through or in privity with Promethean, from charging infringement of '410 Patent, the '411 Patent, the '871 Patent, the '601 Patent, and/or the '614 Patent against Counterclaim Plaintiffs, their customers, or anyone in privity with Counterclaim Plaintiffs;

(e)	declare, adjudge, and decree that that this case is exceptional award Counterclaim Plaintiffs their reasonable attorneys' fees and costs of suit pursuant to 35 I.S.C. § 285; and

(f)	award Counterclaim Plaintiffs such other and further relief as the Court may deem just and proper.

Respectfully submitted,

SIEBMAN, BURG, PHILLIPS
   & SMITH, L.L.P.
Federal Courthouse Square
300 N. Travis
Sherman, TX  75090
(903) 870-0070
(903) 870-0066 Telefax


By: /s/ Clyde M. Siebman
   Clyde M. Siebman
   #18341600

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 7th day of April, 2014, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3).  Any other counsel of record will be served by a facsimile transmission and/or first class mail.


/s/ Clyde M. Siebman
Clyde M. Siebman